July 1, 2013

The Honorable Glenn Hegar
Chair
Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. GA-1011

Re: Whether a water control and improvement district may adopt and enforce rules regarding illegal dumping and weed control  (RQ-1109-GA)

Dear Senator Hegar:

You ask whether a water control and improvement district ("WCID") may adopt and enforce rules regarding illegal dumping and weed control.[1]  You inform us that the Victoria County Water Control and Improvement District No. 1 (the "District") is located in Bloomington, an unincorporated community, and has the powers and duties conferred by statute on water control districts created under Section 59, Article XVI of the Texas Constitution, including applicable provisions in chapters 49 and 51 of the Water Code. Request Letter at 1. You state that residents have asked the District to regulate weeds and illegal dumping on overgrown lots in the District. *Id.* The residents assert that the exercise of a WCID's police powers "would be appropriate because: (1) property overgrown with weeds creates a breeding ground for rodents and other pests that can carry and transmit diseases that, through runoff, can find its way into the water supply; and (2) similarly, illegal dumping can contaminate the local water supply." *Id.*

Although you provide background about the District, you ask about a WCID's authority to control weeds or illegal dumping without regard to a particular WCID or a specific ordinance. Your first question asks whether a WCID has authority "to control weeds under Chapters 49 or 51 of the Texas Water Code." Request Letter at 3. A WCID has only those powers expressly granted by statute, including those "necessarily implied as an incident to the express powers given." *Harris Cnty. Water Control & Improvement Dist. No. 58 v. City of Houston*, 357 S.W.2d 789, 795 (Tex. Civ. App.—Houston 1962, writ ref'd n.r.e.). As you note, neither chapter 49 nor 51 of the Water Code addresses weed control and thus does not expressly grant such powers to WCIDs. *See* Request Letter at 2. However, chapter 49 of the Water Code grants general-law

---

[1]*See* Letter from Honorable Glenn Hegar, Chair, Senate Comm. on Nominations, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Feb. 4, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

water districts such as a WCID the "functions, powers, authority, rights, and duties that will permit accomplishment of the purposes for which it was created or the purposes authorized by the constitution, this code, or any other law." TEX. WATER CODE ANN. § 49.211(a) (West 2008). Pertinent here, one of the stated purposes of a WCID is to "provide for . . . the protection, preservation, and restoration of the purity and sanitary condition of water within the state," which it may accomplish "by any practical means." *Id.* § 51.121(b)(6), (c). A WCID is specifically authorized to "adopt and enforce reasonable rules and regulations to . . . preserve the sanitary condition of all water controlled by the district." *Id.* § 51.122(2).

Accordingly, a WCID has implied authority to adopt a particular ordinance within its jurisdiction only if it is reasonable and is a practical means to accomplish a WCID purpose, such as the protection of water purity. While the residents assert that there is a nexus between overgrown lots and the water supply, a WCID must determine for itself whether any particular weed-control ordinance is reasonable and is a practical means to "preserve the sanitary condition of all water controlled by the district." *Id.*; *see also St. Clair v. Harris Cnty. Water Control & Improvement Dist. No. 21*, 474 S.W.2d 545, 549 (Tex. Civ. App.—Houston [14th Dist.] 1971, no writ) (determining that the evidence considered by a WCID board supported its decision, and therefore its actions were not unreasonable, arbitrary, or capricious).

Your second question is whether WCIDs "have explicit and/or implied authority to regulate illegal dumping under Chapters 49 and 51 of the Texas Water Code and Texas Health and Safety Code §. 365.012." Request Letter at 3. Under section 365.012 of the Texas Health and Safety Code, certain dumping of litter or other solid waste is a criminal offense. TEX. HEALTH & SAFETY CODE ANN. § 365.012 (West Supp. 2012). Chapter 49 of the Water Code authorizes a district to "contract for or employ its own peace officers with power to make arrests when necessary to prevent or abate the commission of . . . any offense against the rules of the district when the offense or threatened offense occurs on any land, water, or easement owned or controlled by the district," and "any offense against the laws of the state." TEX. WATER CODE ANN. § 49.216(a)(1), (3) (West 2008). Accordingly, a WCID has express authority to enforce the state criminal prohibition against illegal dumping pursuant to section 365.012 of the Health and Safety Code.

Neither chapters 49 nor 51 expressly addresses the authority of a WCID to regulate illegal dumping by ordinance. As discussed above with respect to weed control, a WCID has implied authority to adopt a particular illegal dumping ordinance within its jurisdiction only if doing so is reasonable and is a practical means to accomplish a WCID purpose, such as the protection of water purity.

## S U M M A R Y

A water control and improvement district has implied authority to adopt an ordinance to control weeds or regulate illegal dumping within its jurisdiction only if the ordinance is reasonable and is a practical means to accomplish a district purpose, such as the protection of water purity.

The Water Code expressly authorizes a water control and improvement district to enforce state offenses prohibiting illegal dumping.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee